(No. 90-CC-0989–

HERMAN L. JOHNSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 7, 1994.*

HAMM & HANNA (RONALD HANNA, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (ROBIN L. SCHMIDT, Assistant Attorney General, of counsel), for Respondent.

## OPINION

JANN, J.

A hearing was conducted by Commissioner Parsons on the above-captioned matter on February 10, 1993, in

Peoria, Illinois. Case No. 90-CC-2825, titled *Trinity Insurance Subrogee of Herman L. Johnson v. State* was previously consolidated into this cause.

This case arises from an accident which occurred on August 2, 1989, on Route 24 in Peoria County, Illinois. Claimant was driving a 1988 Honda automobile when a grain auger being towed by a Department of Conservation vehicle broke loose from its hitch and struck Claimant's windshield. Claimant suffered injuries to his wrist, thigh, neck and back and substantial property damage to his auto.

Two stipulations were introduced into evidence at trial. The first was a letter from Assistant Attorney General Robin L. Schmidt to Mr. Lawrence Newman, representative of Trinity Insurance Co., the insurer of Claimant's auto. The letter confirms that the State will pay property damages to the insurer in the amount of $7,037.43. The second stipulation, signed by the parties, states that Respondent admits liability in the case and that Claimant has incurred the following damages:

| | |
|---|---:|
| Fulton County Ambulance | $ 240.00 |
| St. Francis Medical Center | 548.40 |
| Western Avenue Clinic | 1,483.00 |
| Central Neurological Services | 325.00 |
| | $2,596.40 |
| | |
| Insurance Deductible | 250.00 |
| Car Rental | 783.20 |
| Lost Wages | 1,400.00 |
| | $2,433.20 |

Claimant testified as to the facts of the accident, his injuries, treatment and lost earnings. The discovery deposition of Dr. Ronald L. Smith, Claimant's treating physician, was admitted into evidence by stipulation of the parties. The Assistant Attorney General raised objections to the

stipulation made by her predecessor assigned to the case. We find the stipulation by Respondent's counsel that Dr. Smith's deposition be admitted without previous objection acted as a waiver of any objection to the evidence contained therein at trial. (See *Gomez v. Resolute Insurance Co.* (1971), 2 Ill. App. 3d 180, 257 N.E.2d 69.) The stipulation by the parties that this cause be submitted on the issue of damages only estops either party from arguing issues of whether evidence was properly admitted. The stipulated admission of Dr. Smith's deposition does not establish the weight to be afforded the evidence. *LaRenta v. Mutual Trust Life Insurance Co.* (1955), 4 Ill. App. 2d 60, 123 N.E.2d 165.

The evidence indicates that Claimant suffered injuries requiring significant medical care. He was under doctor's care for over three months. Claimant testified that he continues to have pain in his neck, back and wrist. He further stated that he cannot perform certain tasks of daily life and in his occupation as an operating engineer as well as he could before the injury. Claimant's joint instability and degenerative spinal condition were exacerbated by the injury. He exhibits a loss of dexterity and agility and decreased strength and stamina in his daily activities.

Based upon the foregoing, we hereby award Claimant Herman Johnson $2,596.40 in medical expenses, $2,433.20 for lost wages, auto rental and insurance deductible and $25,000 for pain and suffering and potential future medical expenses. Claimant's total award is $30,029.60.

Claimant Trinity Insurance is hereby awarded $7,037.43 in property damage pursuant to the stipulation previously referenced herein.